PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7027
    kelsey.davidson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARLON MARTINEZ, <br>   aka Christian Vargas-Reyna <br><br> Defendant. | **CASE NO. 3:23-CR-00308-JSC** <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Court:         Hon. Jacqueline Scott Corley <br> Hearing Date:   February 21, 2025 <br> Hearing Time:   10:00 a.m. |

**I.    INTRODUCTION**

The defendant sold fentanyl to an undercover officer. Fentanyl is currently wreaking havoc in the community and just two milligrams can kill an adult. Given the seriousness of the offense, the need to protect the public, the history and characteristics of the defendant, and the need for deterrence, the government respectfully requests that the Court sentence the defendant to time served (13 months) and three years of supervised release.

**II.    OFFENSE CONDUCT**

The government generally agrees with the recitation of the offense conduct in the Presentence Investigation Report (PSR) prepared by the Probation Office. PSR at ¶¶ 6-8. On July 25, 2025, a San Francisco Police Department (SFPD) undercover officer made contact with the defendant and asked to buy fentanyl. The undercover officer gave the defendant $15. The defendant then got on an electric bicycle and went one block away where SFPD overserved him approach a group of people, duck into an alcove, and then return on the bike. He gave the undercover officer 0.4 net grams of fentanyl. The undercover officer walked away, and other officers moved in to arrest the defendant. The defendant became irate and resisted arrest as SFPD attempted to place him into handcuffs. A search of the area where the defendant was seated prior to his arrest revealed 0.1 net grams of cocaine base (on top of the cardboard that the defendant was sitting on) and a backpack (to the right of the cardboard). The backpack had 916.6 gross grams of fentanyl, 353.3 gross grams of methamphetamine, a digital scale, and two boxes of plastic bags. The defendant stated the backpack was not his. Given the dispute over ownership, the government has not charged the defendant with the narcotics in the backpack.

**III.    PROCEDURAL HISTORY**

On September 14, 2023, the grand jury returned a one-count Indictment against the defendant charging him with Possession with Intent to Distribute and Distribution Fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C). On November 27, 2024, the defendant pled guilty in an open plea. Dkt. 32.

**IV.    SENTENCING GUIDELINES CALCULATIONS**

The government agrees with the Probation Office's calculation of the Sentencing Guidelines in the PSR. PSR at ¶¶ 13-21. Specifically, the Probation Office determined that the total offense level is 8, and

the calculations are as follows:

| U.S.S.G. Section | Points |
|---|---|
| Base Offense Level – § 2D1.1 (less than 4 grams of fentanyl) | +12 |
| Zero-Point Offender – § 4C1.1(a) and (b) | -2 |
| Acceptance of Responsibility – § 3B1.1(a) | -2 |
| **Total Offense Level** | **8** |

The government agrees that the defendant is in Criminal History Category I, which yields a Guidelines range of 0-6 months' imprisonment.

## V. APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

## VI. RECOMMENDED SENTENCE AND SECTION 3553(A) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court impose a sentence of time served (13 months) and three years of supervised release. The nature and circumstances of the offense, history and

characteristics of the defendant, the need to protect the public, the seriousness of the offense, and the need for deterrence all support a sentence of time served (13 months), which is sufficient, but not greater than necessary to comply with the purposes set forth in § 3553.

The nature and circumstances of the offense warrant a time served sentence. The defendant personally sold 0.4 grams of fentanyl to an undercover officer. All controlled substances are dangerous, but none more so than fentanyl. Just two milligrams can kill an adult. Hundreds of people in the Bay Area die of overdoses every year, and thousands more ruin their lives through addiction. The defendant may not have created the fentanyl epidemic, but he contributes to and profits from it. Thus, a sentence of time served (13 months) will also reflect the seriousness of the offense, protect the public, and deter both the defendant and others.

Additionally, the history and characteristics of the defendant warrant a time served sentence. The defendant has three prior arrests, two of which are also for narcotics dealing. PSR at ¶¶ 27-31. He also was arrested for assault with great bodily injury for an incident where he is on video hitting the victim in the head with a piece of wood. *Id.* at ¶ 29. The defendant also resisted arrest in that incident and was found with drug paraphernalia. On the other hand, the defendant grew up in poverty in Honduras. He was physically abused as a child, spent four years in hiding from gang members who wanted to kill him, was kidnapped in Mexico on his way to the United States, and has substance abuse problems. He was also assaulted three times while in custody. Due to all of this, he has been diagnosed with PTSD, anxiety, and depression. Given these mitigating circumstances, the government believes that a time served sentence is appropriate, especially when the time served (13 months) is more than double the Guidelines range (0-6 months). A time served sentence is therefore sufficient but not greater than necessary, and will protect the public, reflect the seriousness of the offense, and provide adequate deterrence.

**VII.   CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of time served (13 months) followed by three years of supervised release. The government further requests that the Court's release order state that the defendant be released from 450 Golden Gate Avenue to the custody of the United States Marshal Services.

1  DATED:  February 14, 2025                    Respectfully submitted,

                                                ISMAIL J. RAMSEY
                                                United States Attorney


                                                 */s/ Kelsey C. Davidson*
                                                KELSEY C. DAVIDSON
                                                Assistant United States Attorney